IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jerold Wojcik, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 7361 |
| Weltman, Weinberg & Reis Co., L.P.A., an Ohio limited professional association, | ) ) ) ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Jerold Wojcik, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Jerold Wojcik ("Wojcik"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that he owed for a credit card.

4. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("WWR"), is an Ohio limited professional association, and law firm, that acts as a debt collector, as defined

by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois, Michigan, Ohio, Pennsylvania and Florida, Weltman operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois; see, Weltman's website materials, attached as Exhibit A. In fact, Defendant Weltman was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. In 2011, Mr. Wojcik and his wife both lost their jobs and, as a result, experienced financial hardship that led each of them to fall behind on some of their bills including a debt Mr. Wojcik owed for a credit card from his credit union.

6. Accordingly, on August 23, 2013, Defendant filed a lawsuit on behalf of that credit union against Mr. Wojcik in a matter styled Corporate American Family Credit Union v. Jerold Wojcik, No. 13 M1 147050 (Circuit Court of Cook County, Illinois)(the "State Court Lawsuit").

7. On October 8, 2013, an ex-parte judgment was entered in the State Court Lawsuit in favor of the credit union. Then, on January 2, 2014, Defendant filed a Citation to Discover Assets as to Mr. and Mrs. Wojcik's joint bank account at BMO Harris (the "First Citation"). Shortly thereafter, Mr. and Mrs. Wojcik found that they were unable to access their funds. A copy of the Citation to Discover Assets to a Third Party is attached as Exhibit B.

8. On January 23, 2014, Mr. and Mrs. Wojcik appeared in court regarding the

First Citation and demonstrated that all of the funds in the account were exempt, pursuant to 735 ILCS 5/12-1001, because the funds were primarily Mrs. Wojcik's unemployment benefits. The court in the State Court Lawsuit, therefore, issued an order dismissing the citation and ordering BMO Harris Bank to return all withheld funds. A copy of this order is attached as Exhibit C.

9. On June 23, 2014, without leave of court, Defendant filed another Citation to Discover Assets on Mr. and Mrs. Wojcik's BMO Harris Bank account (the "Second Citation"), which caused the bank account to once again be frozen and which then forced Mr. Wojcik to have to go to court again. A copy of the Second Citation is attached as Exhibit D.

10. On July 24, 2014, Mr. Wojcik appeared in court for the second time. Outside of the courtroom, Mr. Wojcik explained to WWR's attorney that he was still unable to pay the debt, due to his financial circumstances. He also requested that his bank account be unfrozen, as it contained only his wife's exempt unemployment funds. As BMO Harris had yet to respond to the Second Citation, the matter was set for a short continuance to July 31, 2014, for Mr. Wojcik to bring proof that the funds in the BMO Harris account were his wife's exempt unemployment income. A copy of this order is attached as Exhibit E.

11. On July 31, 2014, Mr. and Mrs. Wojcik appeared in court for the third time to demonstrate that the funds in the BMO Harris account were from Mrs. Wojcik's exempt unemployment income. Mr. Wojcik also told the judge that he believed WWR, by filing a second supplementary proceeding against him without leave of court, had violated Illinois Supreme Court Rule 277a. The court dismissed the Second Citation,

ordered BMO Harris to release Mr. Wojcik and his wife's exempt funds and return all fees, and issued an order directing WWR not to file any additional third party citation against BMO Harris without leave of court. A copy of this order is attached as Exhibit F.

12. Illinois Supreme Court Rule 277(a) mandates that additional supplementary proceedings with respect to the same judgment against the same party be undertaken only with leave of court, based on an affidavit of the judgment creditor or some other person with personal knowledge of the facts:

> "(1) that there is reason to believe the party against whom the proceeding is sought to be commenced has property or income the creditor is entitled to reach, or, if a third party, is indebted to the judgment debtor, (2) that the existence of the property, income or indebtedness was not known to the judgment creditor during the pendency of any prior supplementary proceeding, and (3) that the additional supplementary proceeding is sought in good faith to discover assets and not to harass the judgment debtor or third party." Ill. Sup. Ct. R. 277(a)

Defendant never obtained leave of court to conduct the Second Citation on Mr. Wojcik.

13. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant WWR's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692e Of The FDCPA --
False Representation Of The Legal Status Of A
Debt And Taking An Action That Cannot Legally Be Taken**

15. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including falsely representing the character, amount or legal status of any

4

debt, see, 15 U.S.C. § 1692e(2)(A), while § 1692e(5) bars debt collectors from taking any action that cannot legally be taken, 15 U.S.C. § 1692e(5).

16. Defendant violated § 1692e of the FDCPA by taking an action which it could not legally take, i.e., by improperly conducting the Second Citation (Exhibit D) without leave of court and by falsely stating to Mr. Wojcik that it could legally do so.

17. Defendant WWR's violations of § 1692e(2)(A) and (5) of the FDCPA render it liable for statutory and actual damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jerold Wojcik, prays that this Court:

1. Find that Defendant WWR's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Wojcik, and against Defendant WWR, for statutory and actual damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jerold Wojcik, demands trial by jury.

Jerold Wojcik

By:/s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated: September 22, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com